UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
12-

LAWRENCE WATSON                                    )
    Plaintiff                                  )
    v.                                         )
UNKNOWN CLERK                                      )
    In her individual and official capacity )
DEPUTY REGISTER JAMES GAVAGHAN                     )
    In his individual and official capacity )
CHIEF REGISTER SANDRA GIOVANNUCCI                  )
    In her individual and official capacity )
FIRST JUSTICE JOAN ARMSTRONG                       )
    In her individual and official capacity )
CHIEF JUSTICE PAULA CAREY                          )
    In her individual and official capacity )
CHIEF JUSTICE ROBERT MULLIGAN                      )
    In her individual and official capacity )
ATTORNEY GENERAL MARTHA COAKLEY                    )
    In her official capacity                   )
    Defendants                                 )

## INTRODUCTION

1. This is a civil rights action under Title 42 U.S.C.

   1983 for the violation of the Plaintiff's

   constitutional rights to access to the courts, to

   petition the government, to due process, and to equal

   protection of the law. Plaintiff seeks declaratory and

   injunctive relief. Also Plaintiff requests a three-

   judge panel of This Court to review the

   constitutionality of Section 27C and 27D of

   Massachusetts General Law Chapter 261 ["M.G.L. c261,

   s27C, M.G.L. c261, s27D"].

2. Defendants Unknown Clerk and Deputy Register Gavaghan
   failed and refused to allow Plaintiff to file an
   application for the waiver of the filing for the
   petition to probate an estate, in violation of M.G.L.
   c261, s27B and Plaintiff's constitutional rights under
   Articles I, X, XI, XII and XX of the Massachusetts
   Declaration of Rights, the First and the Fourteenth
   Amendments of the U.S. Constitution, and the
   Separation of Powers doctrine of the U.S.
   Constitution. Plaintiff alleges that Defendants
   Unknown Clerk and Deputy Register Gavaghan oppressed
   and conspired to oppress the Plaintiff in the free
   exercise and the enjoyment of his rights and
   privileges secured to him by the Constitutions of the
   Commonwealth and the United States. Further the
   Plaintiff alleges that at all times Defendants Unknown
   Clerk and Deputy Register Gavaghan acted under the
   color of law to deprive willfully the Plaintiff of his
   rights, privileges or immunities secured or protected
   by the Constitution and the laws of the Commonwealth
   and the United States

3. Despite repeated requests from Plaintiff for
   intervention and notices of misconduct by subordinate
   registers, Defendant Chief Register Giovannucci failed

and refused repeatedly to compel Defendants Unknown
Clerk and Deputy Gavaghan and registers of the Probate
Court to comply with M.G.L. c261, s27B. Further the
Plaintiff alleges that Defendant Chief Register
Giovannucci conspired with Defendants Unknown Clerk,
Deputy Gavaghan and the Register's Office of the
Commonwealth's Probate and Family Court for Suffolk
County to oppress Plaintiff in the free exercise and
enjoyment of his rights and privileges secured to him
by the Constitutions of the Commonwealth and the
United States. Further the Plaintiff alleges that
Defendant Chief Register Giovannucci was complicit in
the oppression and conspiracy by Defendants Unknown
Clerk and Deputy Register Gavaghan and the Register's
Office of the Probate Court to oppress Plaintiff in
the free exercise and enjoyment of his rights and
privileges secured to him by the Constitutions of the
Commonwealth and the United States because she
maintained a policy, custom, or practice of improper
and inadequate investigation and discipline of acts of
misconduct by Defendants Unknown Clerk, Deputy
Register Gavaghan and the Register's Office of the
Probate Court. Further the failure and refusal of
Defendant Chief Register Giovannucci to properly

3

oversee, supervise and maintain Defendants Unknown
Clerk and Deputy Register Gavaghan and the Register's
Office created the policies, customs and practices
that resulted in complicit tolerance and authorization
of continuing misconduct against the Plaintiff, the
feeling of impunity among registers of the Probate
Court that the constitutional rights of Plaintiff
could be violated with impunity. Further the Plaintiff
alleges that at all times Defendant Chief Register
Giovannucci acted under the color of law to deprive
willfully the Plaintiff of his rights, privileges or
immunities secured or protected by the Constitution
and the laws of the United States and the Commonwealth

4.  Despite repeated requests from Plaintiff for
intervention and notices of misconduct by subordinate
judicial officers, Defendant First Justice Armstrong
failed and refused repeatedly to compel Defendants
Unknown Clerk, Deputy Gavaghan, Register Giovannuci
and registers of the Probate Court to comply with
M.G.L. c261, s27B. Further the Plaintiff alleges that
Defendant First Justice Armstrong conspired with
Defendants Unknown Clerk, Deputy Gavaghan, Register
Giovannucci and the Register's Office of the
Commonwealth's Probate and Family Court for Suffolk

County to oppress Plaintiff in the free exercise and
enjoyment of his rights and privileges secured to him
by the Constitutions of the Commonwealth and the
United States. Further the Plaintiff alleges that
Defendant First Justice Armstrong was complicit in the
oppression and conspiracy by Defendants Unknown Clerk,
Deputy Register Gavaghan, Register Giovbannucci and
the Register's Office of the Probate Court to oppress
Plaintiff in the free exercise and enjoyment of his
rights and privileges secured to him by the
Constitutions of the Commonwealth and the United
States because she maintained a policy, custom, or
practice of improper and inadequate investigation and
discipline of acts of misconduct by Defendants Unknown
Clerk, Deputy Register Gavaghan, Register Giovannucci
and the Register's Office of the Probate Court.
Further the failure and refusal of First Justice
Armstrong to oversee, to supervise and to maintain
properly Defendants Unknown Clerk, Deputy Register
Gavaghan, Register Giovannucci and the Register's
Office created the policies, customs and practices
that resulted in complicit tolerance and authorization
of continuing misconduct against the Plaintiff, the
feeling of impunity among registers of the Probate

5

Court that the constitutional rights of Plaintiff
could be violated with impunity. Further the Plaintiff
alleges that at all times Defendant First Justice
Armstrong acted under the color of law to deprive
willfully the Plaintiff of his rights, privileges or
immunities secured or protected by the Constitution
and the laws of the United States and the Commonwealth

5. Despite repeated requests from Plaintiff for
intervention and notices of misconduct by subordinate
judicial officers, Defendant Chief Justice Carey
failed and refused repeatedly to compel Defendants
Unknown Clerk, Deputy Gavaghan, Register Giovannuci,
First Justice Armstrong and registers of the Probate
Court to comply with M.G.L. c261, s27B. Further the
Plaintiff alleges that Defendant Chief Justice Carey
conspired with Defendants Unknown Clerk, Deputy
Gavaghan, Register Giovannucci, First Justice
Armstrong and the Register's Office of the
Commonwealth's Probate and Family Court for Suffolk
County to oppress Plaintiff in the free exercise and
enjoyment of his rights and privileges secured to him
by the Constitutions of the Commonwealth and the
United States. Further the Plaintiff alleges that
Defendant Chief Justice Carey was complicit in the

6

oppression and conspiracy by Defendants Unknown Clerk,
Deputy Register Gavaghan, Register Giovbannucci, First
Justice Armstrong and the Register's Office of the
Probate Court to oppress Plaintiff in the free
exercise and enjoyment of his rights and privileges
secured to him by the Constitutions of the
Commonwealth and the United States because she
maintained a policy, custom, or practice of improper
and inadequate investigation and discipline of acts of
misconduct by Defendants Unknown Clerk, Deputy
Register Gavaghan, Register Giovannucci, First Justice
Armstrong and the Register's Office of the Probate
Court. Further the failure and refusal of Chief
Justice Carey to oversee, to supervise and to maintain
properly Defendants Unknown Clerk, Deputy Register
Gavaghan, Register Giovannucci, First Justice
Armstrong and the Register's Office created the
policies, customs and practices that resulted in
complicit tolerance and authorization of continuing
misconduct against the Plaintiff, the feeling of
impunity among registers and justices of the Probate
Court that the constitutional rights of Plaintiff
could be violated with impunity. Further the Plaintiff
alleges that at all times Defendant Chief Justice

Carey acted under the color of law to deprive

willfully the Plaintiff of his rights, privileges or

immunities secured or protected by the Constitution

and the laws of the United States and the Commonwealth

6. Despite repeated requests from Plaintiff for

intervention and notices of misconduct by subordinate

judicial officers, Defendant Chief Justice Mulligan

failed and refused repeatedly to compel Defendants

Unknown Clerk, Deputy Gavaghan, Register Giovannuci,

First Justice Armstrong, Chief Justice Carey and

registers of the Probate Court to comply with M.G.L.

c261, s27B. Further the Plaintiff alleges that

Defendant Chief Justice Mulligan conspired with

Defendants Unknown Clerk, Deputy Gavaghan, Register

Giovannucci, First Justice Armstrong, Chief Justice

Carey and the Register's Office of the Commonwealth's

Probate and Family Court for Suffolk County to oppress

Plaintiff in the free exercise and enjoyment of his

rights and privileges secured to him by the

Constitutions of the Commonwealth and the United

States. Further the Plaintiff alleges that Defendant

Chief Justice Mulligan was complicit in the oppression

and conspiracy by Defendants Unknown Clerk, Deputy

Register Gavaghan, Register Giovannucci, First Justice

Armstrong, Chief Justice Carey and the Register's
Office of the Probate Court to oppress Plaintiff in
the free exercise and enjoyment of his rights and
privileges secured to him by the Constitutions of the
Commonwealth and the United States because he
maintained a policy, custom, or practice of improper
and inadequate investigation and discipline of acts of
misconduct by Defendants Unknown Clerk, Deputy
Register Gavaghan, Register Giovannucci, First Justice
Armstrong, Chief Justice Carey and the Register's
Office of the Probate Court. Further the failure and
refusal of Chief Justice Mulligan to oversee, to
supervise and to maintain properly Defendants Unknown
Clerk, Deputy Register Gavaghan, Register Giovannucci,
First Justice Armstrong, Chief Justice Carey and the
Register's Office created the policies, customs and
practices that resulted in complicit tolerance and
authorization of continuing misconduct against the
Plaintiff, the feeling of impunity among registers and
justices of the Probate Court that the constitutional
rights of Plaintiff could be violated with impunity.
Further the Plaintiff alleges that at all times
Defendant Chief Justice Mulligan acted under the color
of law to deprive willfully the Plaintiff of his

rights, privileges or immunities secured or protected
by the Constitution and the laws of the United States
and the Commonwealth

7. Defendant Attorney General Coakley has failed and
refused repeatedly to enforce compliance of M.G.L.
c261, s27B by the Commonwealth's judicial officers, in
violation of Plaintiff's constitutional rights under
Articles I, X, XI, XII and XX of the Massachusetts
Declaration of Rights and the First and the Fourteenth
Amendments of the US Constitution. Plaintiff alleges
that Defendant Coakley's promulgation and enforcement
of M.G.L. c261, s27B oppressed and conspired to
oppress the Plaintiff in the free exercise and
enjoyment of his rights and privileges secured to him
by the Constitutions of the Commonwealth and the
United States. Further Plaintiff alleges that the
failure and the refusal of Defendant Attorney General
Coakley to insure compliance with the statutes of the
Commonwealth, the Massachusetts Declaration of Rights
and the U.S. Constitution created the policies,
customs and practices that resulted in complicit
tolerance and authorization of continuing misconduct
against the Plaintiff, the feeling of impunity among
registers and justices of the Probate Court that the

10

constitutional rights of Plaintiff could be violated
with impunity. Further the Plaintiff alleges that at
all times Defendant Coakley acted under the color of
law to deprive willfully the Plaintiff of his rights,
privileges or immunities secured or protected by the
Constitution and the laws of the United States and the
Commonwealth.

8. M.G.L. c261, s27C(4) and 27D are unconstitutional for
violation of The First and the Fourteenth Amendments
of the U.S., warranting review by a three-judge panel
of This Court for a permanent injunction, pursuant to
Title 28 U.S.C. 2281.

## PARTIES

1. Lawrence Watson, herein the Plaintiff, is a resident
of Boston, Massachusetts in Suffolk County and a
resident of the United States of America

2. Defendant Unknown Clerk was at all times relevant to
this complaint a register of the Probate and Family
Court for Suffolk County, a duly authorized court of
the Commonwealth of Massachusetts

3. Defendant James Gavaghan was at all times relevant to
this complaint Deputy Register of the Probate and
Family Court for Suffolk County, a duly authorized
court of the Commonwealth of Massachusetts

4.    Defendant Sandra Giovannucci was at all times relevant
      to this complaint Chief Register of the Probate and
      Family Court for Suffolk County, a duly authorized
      court of the Commonwealth of Massachusetts

5.    Defendant Joan Armstrong was at all times relevant to
      this complaint, First Justice Chief Justice of the
      Probate and Family Court for Suffolk County, a duly
      authorized department/division/branch of the
      Commonwealth of Massachusetts.

6.    Defendant Paula Carey was at all times relevant to
      this complaint, Chief Justice of the Administrative
      Office of the Probate Courts, a duly authorized
      department/division/branch of the Commonwealth of
      Massachusetts.

7.    Defendant Robert Mulligan was at all times relevant to
      this complaint, Chief Justice of Administration and
      Management, a duly authorized
      department/division/branch of the Commonwealth of
      Massachusetts.

8.    Defendant Martha Coakley was at all times relevant to
      this complaint the Attorney General of the
      Commonwealth of Massachusetts, a duly elected officer
      of the Commonwealth of Massachusetts.

## JURISDICTION

1. Jurisdiction is based upon Title 42 U.S.C. 1983, Title 28 U.S.C. 2201, Title 28 U.S.C. 2281, Title 28 U.S.C. 2284, Title 18 U.S.C. 3231, and on the pendent jurisdiction of This Court to entertain a claim arising under state law

## STATEMENT OF FACTS

1. On June 1, 2012 Plaintiff's mother, Leola Watson passed away

2. On September 1, 2012 Plaintiff served all of the potential heirs of the Estate of Leola Watson with the required forms that are necessary to request the informal probate of her estate and for appointment as executrix of her estate.

3. Also on September 1, 2012 Plaintiff attempted to file a petition for the informal probate of a will and for appointment as executrix of the Estate of Leola Watson in the Probate and Family Court of Suffolk County [the "Probate Court"]. Plaintiff attempted to file an application for the waiver of the filing fee in the matter but was denied by Defendant Unknown Clerk, who stated that the Probate Court does not accept applications for the waiver of fees in the petitions to probate an estate.

4.    On September 25, 2012 Plaintiff wrote
Defendants Giovannucci, Armstrong, Carey, Mulligan and
Coakley to inform each of the failure and the refusal
of the registers of the Probate Court to allow
Plaintiff to file an application for the waiver of the
filing fee in the matter of the Estate of Leola Watson

5.    On October 5, 2012 Kim Wright, Deputy Court
Administrator of the Administrative Office of the
Probate Court, sent Plaintiff correspondence in which
she stated that Defendant Giovannucci assured her that
the Register's Office of the Probate Court would
comply with M.G.L. c261, s27B

6.    On October 17, 2012 Plaintiff attempted
again to an application for the waiver of the filing
fee for a petition for the informal probate of a will
and for the appointment as executrix of the Estate of
Leola Watson but was denied by Defendant Deputy
Register Gavaghan

7.    On October 22, 2012 Plaintiff wrote again
Defendants Giovannucci, Armstrong, Carey, Mulligan and
Coakley to inform each of the failure and the refusal
of the registers of the Probate Court to allow
Plaintiff to file an application for the waiver of the
filing fee in the matter of the Estate of Leola Watson

14

8.   On November 2, 2012 Christopher Quaye, Administrative Attorney of the Administrative Office of the Probate Court sent Plaintiff correspondence in which he stated that Plaintiff was required to complete and submit the proper forms.

9.   On November 16, 2012 Plaintiff attempted again to an application for the waiver of the filing fee for a petition for the informal probate of a will and appointment as executrix of the Estate of Leola Watson but was denied again by Defendant Deputy Register Gavaghan, who alleged that Plaintiff did not have all of the proper forms for filing

10.  On November 19, 2012 Plaintiff appeared at the Office of Defendant Carey to request action on the continued failure and refusal of the Register's Office to comply with M.G.L. c261, s27. Deputy Court Administrator Wright informed Plaintiff that Defendant Carey's Office was researching Plaintiff's complaints and would contact him shortly

11.  At all times during his efforts to file an application for the waiver of fees in the Probate Court, Plaintiff was the recipient of Food Stamps and therefore was indigent, as defined by M.G.L. c261,

s27A, SJC Rule 3:10(f)(i), and state and federal
poverty guidelines

12.    To date Defendants Giovannucci, Armstrong,
Mulligan, and Coakley have failed and have refused to
respond to Plaintiff's letters of complaint and to
take action to prevent the continued defiance of
M.G.L. c261, s27B and the violation of Plaintiff's
constitutional rights.

13.    To date Defendant Carey has failed and has
refused to take action to prevent the continued
defiance of M.G.L. c261, s27B and the violation of
Plaintiff's constitutional rights.

14.    Defendants Unknown Clerk, Gavaghan and
Giovannucci lack immunity from Plaintiff's claims
under Title 42 U.S.C. 1983. See McCray v State of MD,
456 F.2d 1 at 4 (1972) "In the instant case, in
respect to filing papers, the clerk has no discretion
that merits insulation by a grant of absolute
immunity; the act is mandatory… His duty, although
associated with the court system, is not quasi-
judicial (meaning entailing a discretion similar to
that exercised by a judge) Clerical duties are
generally classified as ministerial, 2 Harper & James,
The Law of Torts, 1644 (1956), and the act of filing

papers with the court is as ministerial and inflexibly
mandatory as any of the clerk's responsibilities.";
See Also Ginsburg v Stern, 125 F.Supp. 596, 601
(W.D.Pa.1954) (clerk's failure to file papers would be
a "patent" violation of constitutional rights); Whirl
v Kern, 407 F.2d 781 (5th Cir.), cert. denied, 396
U.S. 901, 90 S.Ct. 210, 24 L.Ed.2d 177 (1969) (denying
state ministerial officers absolute immunity under
section 1983); Washington v Official Court
stenographer, 251 F.Supp. 945 (E.D.Pa.1966)

15.     Defendants Armstrong, Carey and Mulligan lack
immunity from Plaintiff's claims under Title 42 U.S.C.
1983. See Stump v Sparkman, 435 U.S. 349, 362, 98
S.Ct. 1099, 1107, 55 L.Ed.2d 331 (1978) (The U.S.
Supreme Court discussed the two-prong functional test
for absolute judicial immunity); See also Cleavinger v
Saxner, 474 U.S. 193, 201, 106 S.Ct. 496, 88 L.Ed.2d
507 (1985) (observing that "immunity analysis rests on
functional categories, not on the status of the
defendant."); Laskowski v Mears, 600 F.Supp. 1568 at
1573 (N.D.1985) ("personnel decisions are separate
from the jurisdiction, power and authority of the
court"); Forrester v White, 484 U.S. at 228-30, 108
S.Ct. at 544-46, 98 L.Ed.2d 555, 566 (1988) (The U.S.

Supreme Court has determined that judges do not receive immunity when acting in administrative, legislative, or executive roles.) Cameron v Seitz, 38 F.3d 264, 271 (1994)(Noting that whenever an action taken by a judge is not an adjudication between the parties, it is less likely that it will be deemed judicial)

16. Defendants Carey lacks immunity from Plaintiff's claims under Title 42 U.S.C. 1983 because her office is not a judicial office, as stated by the Commonwealth of Massachusetts. See M.G.L. c221B, s5; Further Defendant Carey lacks immunity from Plaintiff's claims under Title 42 U.S.C. 1983 because she is merely a manager/supervisor of judicial officers. See M.G.L. c211B, s10

17. Defendants Mulligan lacks immunity from Plaintiff's claims under Title 42 U.S.C. 1983 because his office is not a judicial office, as stated by the Commonwealth of Massachusetts. See M.G.L. c221B, s6; Further Defendant Mulligan lacks immunity from Plaintiff's claims under Title 42 U.S.C. 1983 because he is merely a manager/supervisor of judicial officers. See M.G.L. c211B, s9

18.    Defendant Coakley lacks immunity from Plaintiff's
       claims under Title 42 U.S.C. 1983. See Supreme Court
       of Virginia v. Consumers Union, 446 U.S. 719, 100
       S.Ct. 1967, 64 L.Ed.2d 641 (1980)

**COUNT I: VIOLATION OF 42 U.S.C SECTION 1983 BY
DEFENDANTS UNKNOWN CLERK, GAVAGHAN, GIOVANNUCCI,
ARMSTRONG, CAREY, MULLIGAN AND COAKLEY — FIRST
AMENDMENT**

19.    The Plaintiff restates the allegation in
       paragraphs 1 through 18 and incorporates said
       paragraphs herein as paragraph 189The refusal of
       Defendants Unknown Clerk and Gavaghan to allow
       Plaintiff to file an application for the waiver of the
       filing fee to petition the Probate Court for the
       informal probate of the Estate of Leola Watson and for
       appointment as executrix of said Estate violated
       Plaintiff's constitutional rights under Articles I and
       XI of the Massachusetts Declaration of Rights and the
       First Amendment of the U.S. Constitution.

20.    The refusal of Defendants Unknown Clerk and
       Gavaghan to send immediately Plaintiff's an
       application for the waiver of the filing fee to
       petition the Probate Court for the informal probate of
       the Estate of Leola Watson and for appointment as

executrix of said Estate to a justice of the court,
pursuant to M.G.L. c261, s27C(3), violated Plaintiff's
constitutional rights under Articles I and XI of the
Massachusetts Declaration of Rights and the First
Amendment of the U.S. Constitution.

21.    The repeated refusal of Defendants Giovannucci,
Armstrong, Carey and Mulligan to compel Defendants
Unknown Clerk and Gavaghan to allow Plaintiff to file
an application for the waiver of the filing fee to
petition the Probate Court for the informal probate of
the Estate of Leola Watson and for appointment as
executrix of said Estate made each supervisor liable
for the violation of Plaintiff's constitutional rights
under Articles I and XI of the Massachusetts
Declaration of Rights and the First Amendment of the
U.S. Constitution.

22.    Since Plaintiff is indigent, Defendants Unknown
Clerk, Gavaghan, Giovannucci, Armstrong, Carey and
Mulligan violated clearly established law pertaining
to the right of the indigent to access the court as
guaranteed by the First Amendment of the U.S.
Constitution. See Griffin v. Illinois, 351 U.S. 12, 76
S.Ct. 585, 100 L.Ed. 891 (1956)

23.    Since Plaintiff is indigent and the Commonwealth
has a monopoly on the probating of an estate,
Defendants Unknown Clerk, Gavaghan, Giovannucci,
Armstrong, Carey and Mulligan violated clearly
established law pertaining to the right of the
indigent to access the court as guaranteed by the
First Amendment of the U.S. Constitution. See Boddie v
Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d
113 (1969)

24.    Defendant Coakley's promulgation and enforcement
of M.G.L. c261, s27B violated Plaintiff's
constitutional rights under Articles I and XI of the
Massachusetts Declaration of Rights and the First
Amendment of the U.S. Constitution and clearly
established law. See Supreme Court of Virginia v.
Consumers Union, 446 U.S. 719, 100 S.Ct. 1967, 64
L.Ed.2d 641 (1980)

### COUNT II: VIOLATION OF 42 U.S.C SECTION 1983 BY DEFENDANTS UNKNOWN CLERK, GAVAGHAN, GIOVANNUCCI, ARMSTRONG, CAREY, MULLIGAN AND COAKLEY – DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT

25.    The Plaintiff restates the allegation in
paragraphs 1 through 25 and incorporates said
paragraphs herein as paragraph 26

21

26.     The refusal of Defendants Unknown Clerk and
        Gavaghan to allow Plaintiff to file an application for
        the waiver of the filing fee to petition the Probate
        Court for the informal probate of the Estate of Leola
        Watson and for appointment as executrix of said Estate
        violated Plaintiff's constitutional rights under
        Articles XI and XII of the Massachusetts Declaration
        of Rights and the Due Process Clause of the Fourteenth
        Amendment of the U.S. Constitution.

27.     The refusal of Defendants Unknown Clerk and
        Gavaghan to send immediately Plaintiff's an
        application for the waiver of the filing fee to
        petition the Probate Court for the informal probate of
        the Estate of Leola Watson and for appointment as
        executrix of said Estate to a justice of the court,
        pursuant to M.G.L. c261, s27C(3), violated Plaintiff's
        constitutional rights under Articles XI and XII of the
        Massachusetts Declaration of Rights and the Due
        Process Clause of the Fourteenth Amendment of the U.S.
        Constitution

28.     The repeated refusal of Defendants Giovannucci,
        Armstrong, Carey and Mulligan to compel Defendants
        Unknown Clerk and Gavaghan to allow Plaintiff to file
        an application for the waiver of the filing fee to

petition the Probate Court for the informal probate of the Estate of Leola Watson and for appointment as executrix of said Estate made each supervisor liable for the violation of Plaintiff's constitutional rights under Articles XI and XII of the Massachusetts Declaration of Rights and the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution.

29.     Since M.G.L. c261, s27B and 27C(3) create a liberty interest for Plaintiff in the filing of an application for the waiver of the filing fee to petition the Probate Court for the informal probate of the Estate of Leola Watson and for appointment as executrix of said Estate, Defendants Unknwon Clerk, Gavaghan, Giovannucci, Armstrong, Carey and Mulligan violated Plaintiff's constitutional rights under Articles XI and XII of the Massachusetts Declaration of Rights and the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution. See Castle Rock v Gonzales, 545 U.S. 748, 125 S.Ct. 2796, 162 L.Ed.2d 658 (2005)

30.     Since Plaintiff is indigent, Defendants Unknown Clerk, Gavaghan, Giovannucci, Armstrong, Carey and Mulligan violated clearly established law pertaining to the right of the indigent to due process, as

guaranteed by the Due Process Clause of the Fourteenth
Amendment of the U.S. See <u>Griffin</u> v. <u>Illinois</u>, 351
U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956)

31.   Since Plaintiff is indigent and the Commonwealth
has a monopoly on the probating of an estate,
Defendants Unknown Clerk, Gavaghan, Giovannucci,
Armstrong, Carey and Mulligan violated clearly
established law pertaining to the right of the
indigent to due process, as guaranteed by the Due
Process Clause of the Fourteenth Amendment of the U.S.
Constitution. See <u>Boddie</u> v <u>Connecticut</u>, 401 U.S. 371,
91 S.Ct. 780, 28 L.Ed.2d 113 (1969)

32.   Defendant Coakley's promulgation and enforcement
of M.G.L. c261, s27B violated Plaintiff's
constitutional rights under Articles XI and XII of the
Massachusetts Declaration of Rights and the Due
Process Clause of the Fourteenth Amendment of the U.S.
Constitution and clearly established law. See <u>Supreme
Court of Virginia</u> v. <u>Consumers Union</u>, 446 U.S. 719,
100 S.Ct. 1967, 64 L.Ed.2d 641 (1980)

**COUNT III: VIOLATION OF 42 U.S.C SECTION 1983 BY
DEFENDANTS UNKNOWN CLERK, GAVAGHAN, GIOVANNUCCI,
ARMSTRONG, CAREY, MULLIGAN AND COAKLEY – EQUAL
PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT**

24

33.     The Plaintiff restates the allegation in
        paragraphs 1 through 33 and incorporates said
        paragraphs herein as paragraph 34

34.     The refusal of Defendants Unknown Clerk and
        Gavaghan to allow Plaintiff to file an application for
        the waiver of the filing fee to petition the Probate
        Court for the informal probate of the Estate of Leola
        Watson and for appointment as executrix of said Estate
        violated Plaintiff's constitutional rights under
        Articles X and XI of the Massachusetts Declaration of
        Rights and the Equal Protection Clause of the
        Fourteenth Amendment of the U.S. Constitution.

35.     The refusal of Defendants Unknown Clerk and
        Gavaghan to send immediately Plaintiff's an
        application for the waiver of the filing fee to
        petition the Probate Court for the informal probate of
        the Estate of Leola Watson and for appointment as
        executrix of said Estate to a justice of the court,
        pursuant to M.G.L. c261, s27C(3), violated Plaintiff's
        constitutional rights under Articles X and XI of the
        Massachusetts Declaration of Rights and the First
        Amendment of the U.S. Constitution

36.     The repeated refusal of Defendants Giovannucci,
        Armstrong, Carey and Mulligan to compel Defendants

Unknown Clerk and Gavaghan to allow Plaintiff to file
an application for the waiver of the filing fee to
petition the Probate Court for the informal probate of
the Estate of Leola Watson and for appointment as
executrix of said Estate made each supervisor liable
for the violation of Plaintiff's constitutional rights
under Articles X and XI of the Massachusetts
Declaration of Rights and the Equal Protection Clause
of the Fourteenth Amendment of the U.S. Constitution.

37.     Since M.G.L. c261, s27B grants Plaintiff the
right to file an application for the waiver of filing
fees in the probate of a will and other courts of the
Commonwealth allow the initiation of the probate of a
will without the service of documents to all potential
heirs, The refusal and the failure of Defendants
Unknown Clerk and Gavaghan to comply with M.G.L. c261,
s27B and the repeated refusal of Defendants
Giovannucci, Armstrong, Carey and Mulligan to compel
Defendants Unknown Clerk and Gavaghan to comply with
said statute violate Plaintiff's constitutional rights
under Articles X and XI of the Massachusetts
Declaration of Rights and the Equal Protection Clause
of the Fourteenth Amendment of the U.S. Constitution.

38.    Since Plaintiff is indigent, Defendants Unknown
       Clerk, Gavaghan, Giovannucci, Armstrong, Carey and
       Mulligan violated clearly established law pertaining
       to the right of the indigent to equal protection to
       the law, as guaranteed by the Equal Protection Clause
       of the Fourteenth Amendment of the U.S. See Griffin v.
       Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891
       (1956)

39.    Since Plaintiff is indigent and the Commonwealth
       has a monopoly on the probating of an estate,
       Defendants Unknown Clerk, Gavaghan, Giovannucci,
       Armstrong, Carey and Mulligan violated clearly
       established law pertaining to the right of the
       indigent to equal protection to the law, as guaranteed
       by the Equal Protection Clause of the Fourteenth
       Amendment of the U.S. Constitution. See Boddie v
       Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d
       113 (1969)

40.    Defendant Coakley's promulgation and enforcement
       of M.G.L. c261, s27B violated Plaintiff's
       constitutional rights under Articles X and XI of the
       Massachusetts Declaration of Rights and the Equal
       Protection Clause of the Fourteenth Amendment of the
       U.S. Constitution and clearly established law. See

Supreme Court of Virginia v. Consumers Union, 446 U.S.
719, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980)

**COUNT IV: VIOLATION OF 42 U.S.C SECTION 1983 BY
DEFENDANTS UNKNOWN CLERK, GAVAGHAN, GIOVANNUCCI,
ARMSTRONG, CAREY, MULLIGAN AND COAKLEY – THE SEPARATION
OF POWERS DOCTRINE**

41.     The Plaintiff restates the allegation in
paragraphs 1 through 41 and incorporates said
paragraphs herein as paragraph 42

42.     The refusal of Defendants Unknown Clerk and
Gavaghan to allow Plaintiff to file an application for
the waiver of the filing fee to petition the Probate
Court for the informal probate of the Estate of Leola
Watson and for appointment as executrix of said Estate
in direct contravention and in blatant defiance of
M.G.L. c261, s27B violated Plaintiff's constitutional
rights under Articles XX of the Massachusetts
Declaration of Rights and the Separation of Powers
Doctrine of the U.S. Constitution.

43.     The repeated refusal of Defendants Giovannucci,
Armstrong, Carey and Mulligan to compel Defendants
Unknown Clerk and Gavaghan to comply with M.G.L. c261,
s27B is in direct contravention and in blatant
defiance of M.G.L. c261, s27B violated Plaintiff's

constitutional rights under Articles XX of the Massachusetts Declaration of Rights and the Separation of Powers Doctrine of the U.S. Constitution.

44.     Defendant Coakley's promulgation and enforcement of M.G.L. c261, s27B is in direct contravention and in blatant defiance of statute and violates Plaintiff's constitutional rights under Articles XX of the Massachusetts Declaration of Rights and the Separation of Powers Doctrine of the U.S. Constitution.

45.     Defendants Unknown Clerk, Gavaghan, Giovannucci, Armstrong, Carey and Mulligan are officers of the judicial branch of the Commonwealth. Defendant Coakley is an officer of the executive branch of the Commonwealth. M.G.L. c261, s27B was enacted by the legislative branch of the Commonwealth. The failure of the judicial branch and/or the executive branch to comply explicitly with statutes that have been enacted by the legislative branch is redefining said statutes and therefore performing the duties of the legislative branch, in  violation of the Separation of Powers Doctrine of the U.S. Constitution

### COUNT V. VIOLATION OF THE FOURTEENTH AMENDMENT BY

### M.G.L. 261, s27C and 27D

46.     The Plaintiff restates the allegation in
paragraphs 1 through 46 and incorporates said
paragraphs herein as paragraph 47

47.     In relevant part, M.G.L. c261, s27C dictates the
appellate procedure for the denial of an indigent
affiant's application for the waiver of fees in the
Commonwealth.

48.     In relevant part, M.G.L. c261, s27C(4) states,
"...if there is an appeal pursuant to section twenty-
seven D following a denial, **the court shall**, within
three days, **set forth** its written findings and reasons
justifying such denial, **which document shall be part
of the record on appeal.**" (emphasis added)

49.     In relevant part, M.G.L. c261C, s27D states,
"[U]pon receipt of notice of appeal timely filed the
clerk or register shall forthwith notify the judge or
justice, who shall within three days set forth his
written findings and reasons as provided in paragraph
(4) of section twenty-seven C...**The clerk or register
shall then forward** the affidavit and request, the
court's findings and reasons for denial and **any other
documents on file relevant to the appeal**, to the clerk
of the court deciding the appeal…" (emphasis added)

50.     M.G.L. c261, s27C(4) and 27D are constitutionally
deficient under the Due Process Clause of the
Fourteenth Amendment because it violates the
fundamental requisite of due process which is a
meaningful opportunity to be heard. A denied applicant
of an application for the waiver of fees is unable to
contribute and/or to control the evidence that is
considered in the appeal of said denied application.

CONCLUSION

Wherefore, Plaintiff requests that This Court grant the
following relief

1.     Declare that Defendants lack immunity from
Plaintiff's claims under Title 42 U.S.C. 1983

2.     Declare that Defendants violated Title 42 U.S.C.
1983

3.     Issue immediate injunctive relief to prevent the
continued violation of M.G.L. c261, s27B by
Defendants and the Probate Courts of the
Commonwealth

4.     Declare that Plaintiff is indigent

5.     Declare that Plaintiff is allowed immediately to
initiate the petition for the probate of the
Estate of Leola Watson

31

6. Declare that the Commonwealth cannot deny the indigent access to its probate courts on account of lack of finances

7. Pursuant to Title 28 U.S.C. 2281, assign three-judge panel of This Court to review the constitutionality of M.G.L. c261, s27C(4) and 27D

8. Pursuant to Title 28 U.S.C. 2284, declare M.G.L. c261, s27C(4) and 27D unconstitutional and issue a permanent injunction to prevent Defendant Attorney General Coakley and the Commonwealth of Massachusetts from enjoining said statutes in the future

9. Issue written specific findings of facts on this matter

Lawrence Watson

12 Verrill Street, #3

Boston, MA 02126

Date: November 23, 2012

CERTIFICATE OF SERVICE

I, Lawrence Watson, do hereby certify that a true copy
of this document was served in hand on November 23,
2012 upon Attorney General Martha Coakley of the
Office of the Attorney General at One Ashburton Place
in Boston, MA 02108

Lawrence Watson

Pro Se

12 Verrill Street, #3

Boston, MA 02126

(617) 544-7365

Date: November 23, 2012