UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-12187-RWZ

LAWRENCE WATSON

v.

UNKNOWN CLERK, et al.

MEMORANDUM AND ORDER

April 26, 2013

ZOBEL, D.J.

For the reasons stated below, the Court directs the plaintiff to file a second amended complaint.  The Court also dismisses Count V of the amended complaint and Massachusetts Attorney General Martha Coakley as a defendant.

I.      **Background**

Lawrence Watson brings this pro se civil rights action in which he complains that an unknown court clerk and the clerk's supervisors (including judicial officers acting in an administrative capacity) have prohibited him from applying for in forma pauperis status in a state court proceeding in which he seeks to be appointed as the executor of his mother's estate.  He asserts that this conduct violated M.G.L. ch. 261, § 27B, which allows "any party" in "any civil, criminal or juvenile proceeding or appeal in any court" to "file with the clerk an affidavit of indigency and request for waiver . . . of fees or costs." M.G.L. ch. 261, § 27B (emphases added).  Watson maintains that his right to due process, and other rights under the state and federal constitutions, has been violated. He seeks declaratory and injunctive relief.

## II.     Discussion

### A.     Court's Authority to Screen the Amended Complaint

Because the plaintiff is proceeding in forma pauperis[1], the complaint is subject to screening under 28 U.S.C. § 1915(e)(2).  This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  In conducting this review, the Court liberally construes the plaintiff's complaint because he is proceeding pro se.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

### B.     Lack of a Plausible Claim for Relief

To state a claim for relief, a complaint must, in compliance with Fed. R. Civ. P. 8(a)(2), include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  At a minimum, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 66 (1st Cir.  2004)).  This means that the statement of the claim must "at least set forth minimal facts as to who did what to whom, when, where, and why."  Id.  (quoting Educadores, 367 F.3d at 68).  Although the requirements of Rule 8(a)(2) are minimal, "minimal requirements are not tantamount to nonexistent requirements."  Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)).

The plaintiff's obligation to provide the grounds of his claim "requires more than labels and conclusions."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A

---

[1]In an order dated January 4, 2013 (#11), the Court granted Watson's motion for leave to proceed in forma pauperis.

2

court is not "bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).  Further, "only a complaint that states a plausible claim for relief" states a claim upon which relief may be granted. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (emphasis added).  "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint does not show that "the pleader is entitled to relief."  Id. (quoting Fed. R Civ. P. 8(a)(2) in second quotation).

Here, because Watson's factual allegations lack adequate specificity, the Court cannot infer "more than the mere possibility of misconduct."  Taking Watson's allegations at face value, he has not sufficiently pled that he complied with the requirements to file a fee waiver application.  He claims that, after unsuccessful attempts on September 1 and October 17, 2012 to file a fee waiver application, see Amend. Compl. at 13-14, ¶¶ 3, 6, he was told in a November 2, 2012 letter from a court official that he was required "complete and submit the proper forms," id. at 15, ¶ 8 (emphasis added).  According to Watson, on November 16, 2012, he attempted again to file a fee waiver application "but was denied again by Defendant Deputy Register Gavaghan, who alleged that Plaintiff did not have all of the proper forms for filing."  Id. at 15, ¶ 9 (emphasis added).  The amended complaint is silent as to what efforts, if any, Watson made to file the "proper forms" or any reason why he should not have been required to submit such forms.[2]  While the alleged back and forth between Watson and court employees and officials could be an understandable cause for frustration, if Watson has not complied with reasonable requirements for seeking a fee waiver, the defendant's alleged misdeeds do not rise to the level of actionable conduct, let alone a

---

[2]Indeed, the state in forma pauperis statute provides that the request for waiver of fees be made "upon a form prescribed by the chief justice of the supreme judicial court."  M.G.L. ch. 261, § 27B.

deprivation of rights conferred under the United States Constitution.[3]  Thus, absent any

allegations that Watson followed reasonable directives to use the required form to seek

a fee waiver, Watson has not stated a plausible claim for relief.

### C.    Count V

The Court will dismiss Count V of the amended complaint, in which Watson

claims that M.G.L. ch. 261, §§ 27C(4) and 27D violate his right to due process.  These

statutes, which Watson quotes in his amended complaint, concern the appeal of an

order denying in forma pauperis status:

> . . . if there is an appeal pursuant to section twenty-seven D following a
> denial, **the court shall**, within three days, **set forth** its written findings and
> reasons justifying such denial, **which document shall be part of the
> record on appeal**.
>
> [U]pon receipt of notice of appeal timely filed the clerk or register
> shall forthwith notify the judge or justice, who shall within three days set
> forth his written findings and reasons as provided in paragraph (4) of
> section twenty-seven C. . . . **The clerk or register shall then forward the
> affidavit and request**, the court's findings and reasons for denial **and any
> other documents on file relevant to the appeal**, to the clerk of the court
> deciding the appeal ...

Amend. Compl. ¶¶ 48, 49 (quoting M.G.L. ch. 261, §§ 27C(4), 27D) (emphases in

original).  The plaintiff claims that these statutes "violate[] the fundamental requisite of

---

[3]This is assuming that a due process right or other federal right to proceed in
forma pauperis in state court even exists under the circumstances alleged by Watson.
While generally there is no due process right to proceed in forma pauperis in a civil
matter, the Supreme Court has recognized that where there is a fundamental right at
stake and access to the state courts is the sole means of addressing those rights, due
process requires that the state provide access to its judicial resources without regard to
a party's ability to pay court fees.  See Boddie v. Connecticut, 401 U.S. 371, 382-83
(1971) (indigent litigants seeking dissolution of marriage could not be required to pay a
filing fee); M.L.B. v. S.L.J., 519 U.S. 102, 128 (1996) (parents not required to pay fee for
preparation of trial record to appeal decision terminating parental rights).  However, the
Court has narrowly construed this doctrine.  See Ortwein v. Schwab, 410 U.S. 656
(1973) (indigent welfare recipients contesting appellate court's filing fee did not have a
due process right to proceed in forma pauperis; no fundamental right was at stake and
welfare recipients had received an administrative hearing); Kras v. United States, 409
U.S. 434 (1973) (upholding statutory requirement of payment of filing fee in bankruptcy
proceedings).

due process which is a meaningful opportunity to be heard.  A denied applicant of an application for the waiver of fees is unable to contribute and/or to control the evidence that is considered in the appeal of said denied application."  Id. ¶ 50.  Citing 28 U.S.C. §§ 2281 and 2284, Watson asks that a three-judge panel review those statutes.

Count V fails.  First, Watson lacks standing to challenge the procedure by which a state litigant appeals an order denying a motion to proceed to proceed in forma pauperis.  He has not alleged that he has been injured by the procedure[4], and he may not challenge the statute on behalf of others.  See Horne v. Flores, 557 U.S. 433, 445 (2009) ("To establish standing, a plaintiff must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged action; and redressable by a favorable ruling.").  Where a plaintiff lacks standing, he cannot invoke the jurisdiction of the Court.  See id.

Second, even if Watson had standing to challenge these statutes, he has not shown that they deny him due process.  Watson reads M.G.L. ch. 261, §§ 27C(4) and 27D as preventing a litigant who is appealing the denial of a motion for a waiver of fees from presenting any argument to the appellate court.  However, the statutes appear to merely describe the manner in which the lower court forwards the record of the litigant's request for a fee waiver and the denial thereof to the appellate court.  To the extent a litigant has a due process right to be heard on an appeal denying a fee waiver request in state court, these statutes do not on their face preclude such an appellant from being heard.

Finally, the Court notes that statutes that Watson cites in support of his request for a three-judge panel to review the constitutionality of M.G.L. ch. 261, §§ 27C(4) and 27D are inapplicable here.  Section 2284 of Title 28 of the United States Code provides

---

[4] Indeed, as discussed above, the thrust of Watson's allegations is that he was unable even to file a request to proceed in forma pauperis.

for a three-judge panel "when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body."  28 U.S.C. § 2284(a).  Watson is not challenging the apportionment of congressional districts or of a statewide legislative body.  Section 2281 of Title 28 of the United States Code was repealed in 1976.  See Pub.L. 94-381, § 1, Aug. 12, 1976, 90 Stat. 1119.

### D.    Defendant Attorney General Martha Coakley

Watson's claims against the Commonwealth's Attorney General Martha Coakley fail for additional reasons.  Watson has not alleged sufficient personal involvement by Attorney General Coakley in the rejection of the plaintiff's fee waiver request to state a claim under 42 U.S.C. § 1983.  See Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005) ("[O]nly those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable [in a § 1983 action].").  In addition, while a federal court may have the authority to prevent a state attorney general from enforcing an unconstitutional statute, see Ex Parte Young, 209 U.S. 123 (1908), Watson cannot maintain an action to require Attorney General Coakley to enforce a statute, see, e.g., Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution.").

### III.   Conclusion

Accordingly:

(1)    Count V of the amended complaint is DISMISSED.

(2)    Attorney General Martha Coakley is dismissed as a defendant.

(3)    If Watson wishes to pursue this action, he must, within thirty-five (35) days, file a second amended complaint that cures the pleading deficiencies discussed in Section II.B, supra.

SO ORDERED.

  4/26/13               /s/ Rya W. Zobel
DATE                  RYA W. ZOBEL
                      UNITED STATES DISTRICT JUDGE