UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-12187-RWZ

LAWRENCE WATSON

v.

UNKNOWN CLERK, et al.

MEMORANDUM AND ORDER

August 5, 2013

ZOBEL, D.J.

For the reasons stated below, the Court dismisses this action.

I.    **Background**

In this pro se civil rights action Lawrence Watson complains that an unknown court clerk and the clerk's supervisors (including judicial officers acting in an administrative capacity) prohibited him, in 2012, from applying for in forma pauperis status in a state court proceeding in which he sought to be appointed as the executor of his mother's estate.  He asserts that this conduct also violated M.G.L. ch. 261, § 27B, which allows "any party" in "any civil, criminal or juvenile proceeding or appeal in any court" to "file with the clerk an affidavit of indigency and request for waiver . . . of fees or costs." M.G.L. ch. 261, § 27B (emphases added).

In a memorandum and order dated April 26, 2013 (#12), the Court screened Watson's amended complaint pursuant to 28 U.S.C. § 1915(e)(2) and directed Watson to show cause why the action should not be dismissed for failure to state a claim upon which relief may be granted.  The Court ruled that the factual allegations lacked adequate specificity to conclude that he has stated a plausible claim for relief, and the Court ordered Watson to clarify whether he was ultimately denied permission to file a fee waiver request.

In his second amended complaint ("SAC"), filed on May 31, 2013 (#20)[1], Watson represents that, less than two weeks after filing this action, he was permitted to file a fee waiver request in state court to probate his mother's estate, and the request was granted. See SAC at 20, ¶ 29.

The SAC also contains new allegations that, in 2008 and 2010, Watson was denied fee waiver requests in other cases in the Commonwealth's probate courts. He was attempting to probate the estate of his grandmother Minnie Holmes, who died in 2004, and to contest the probate of the estate of Holmes's niece, Betty McClerkin ("McClerkin"), who died in 1994.

According to the SAC, in 1990, McClerkin fraudulently obtained an interest the real estate in Boston where Holmes was living (the "Property"). After McClerkin's death in 1994, Holmes continued to reside at the Property, unaware that she no longer had an interest in the Property. In 1995, Watson moved in with Holmes at the Property and continued to live at the Property after Holmes moved to an elderly living facility in 2000. Holmes died in 2004, leaving her estate to Watson and his sister; Watson continued to reside at the Property.

On May 28, 2008, Kevin McClerkin–the son of Betty McClerkin–entered the Property without Watson's permission and stole some of Watson's personal property. Kevin McClerkin told Boston police that he was acting as the executor of McClerkin's estate. On June 2, 2008, Watson attempted to file a fee waiver application in the Suffolk Probate Court to petition for probate of Holmes's estate. The clerk would not accept the fee waiver application, explaining that a fee waiver was not available in such cases. Later that month, Watson borrowed money to file a civil action against Kevin McClerkin and the McClerkin estate to contest the 1990 transfer of interest in the

---

[1] Watson filed a second amended complaint on May 28, 2013 (#17). On May 31, 2013, he filled a "corrected version," in which he corrected the caption of the amended complaint he had filed just days before. For ease of reference, the Court refers to the corrected second amended complaint as the second amended complaint.

Property and to seek damages against Kevin McClerkin for his unauthorized entry of the Property on May 28, 2008.  The case was dismissed on July 9, 2008 for lack of jurisdiction on the ground that it should be heard by the Plymouth Probate Court.  The same day, Watson attempted to file a fee waiver application in the Plymouth Probate Court to litigate the matter there.  The clerk refused to accept the fee waiver application.

The McClerkin estate, including the Property in dispute, was probated in October 2008.  On May 26, 2010, Watson again attempted to file a fee waiver to contest the 1990 transfer of interest in the Property and to seek damages against Kevin McClerkin.  The clerk refused to take any action on the application.  In June 2010, the McClerkin heirs sold the Property to an investment company; the investment company resold the Property in 2011.

Watson now seeks declaratory and injunctive relief.  He asks the Court to declare that the defendants have violated his rights and are not immune from liability.  He also seeks a declaration that he and others "similarly situated" must be allowed to file fee waiver applications in the probate courts of the Commonwealth.  He asks the Court to vacate the transfer of the Property from Holmes to McClerkin and to order that he may file a petition to probate Holmes's estate and contest the 1995 transfer of the Property.

**II.     Discussion**

Article III, § 2 of the United States Constitution limits the jurisdiction of federal courts to the decision of "Cases" or Controversies."  "To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all states of review, not merely at the time the complaint is filed.'" Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)).  A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." American Civil Liberties Union of Mass. v. U.S. Conference of Catholic Bishops, 705 F.3d 44, 52 (1st Cir. 2013) (quoting D.H.L. Assocs., Inc. v. O'Gorman, 199 F.3d 50, 54 (1st Cir. 1999)).

Plaintiff's primary complaint pertains to his inability to file fee waivers in the Probate Court with respect to the probate of the estate of his mother, Leona Watson, and his grandmother, Minnie Holmes, and the overarching claim for relief is a declaration of his right to so file and an injunction against denial of his right of access to the courts.  He acknowledges that he has now been allowed to file such a waiver to probate his mother's estate rendering this part of his claim moot.

The claims first raised in the SAC pertaining to the estate of Holmes, who died in 2004, relate to plaintiff's unsuccessful attempts to file waivers of fee application to probate her will in 2008.  These claims are barred by the three-year period of limitations.  See M.G.L. ch. 260, § 5B (actions for civil rights actions must be brought within three years of the time the claim accrued); Nieves v. McSweeney, 241 F.3d 46, 51 (1st Cir. 2001) (limitations period for an action under 42 U.S.C. § 1983 is "borrowed" from the forum state).  Plaintiff does also seek affirmative relief.  He requests an order vacating the transfer to the McClerkin family of title to the Property which apparently occurred during the probate of Holmes's estate.  This court does not have jurisdiction to grant that relief.

To the extent he seeks relief on behalf of others similarly situated, Watson lacks standing.  See Bingham v. Massachusetts, 616 F.3d 1, 5 (1st Cir. 2010).  Further, he does not have the right to represent anyone but himself.  See 28 U.S.C. § 1654; Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982); LR 83.5.3(c), D. Mass.

### III.  Conclusion

Accordingly, this action is DISMISSED.


SO ORDERED.

```
  8/5/2013                          /s/ Rya W. Zobel
DATE                               RYA W. ZOBEL
                                   UNITED STATES DISTRICT JUDGE
```